**United States District Court**

For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   WAYLAND TO,                              No. C 05-1001 JSW (PR)

10                 Petitioner,

11      v.                                   **ORDER DENYING**
                                             **RESPONDENT'S MOTION TO**
12   A. P. KANE, Acting Warden of the        **DISMISS**
     Correctional Training Facility,
13                                           (Docket no. 3)
                   Respondent.
14   _____/

15

16          This matter comes before the Court on consideration of Respondent A.P. Kane's

17   ("Respondent") motion to dismiss the petition for writ of habeas corpus filed by

18   Petitioner Wayland To ("Petitioner").  Having considered the motion, the opposition

19   thereto, and relevant legal authority, the motion is DENIED.

20                              **BACKGROUND**

21          According to the petition, Petitioner was convicted of aiding and abetting murder

22   in Alameda County Superior Court and was sentenced to fifteen years-to-life.  In this

23   habeas action, Petitioner does not challenge his conviction, but instead challenges the

24   execution of his sentence.  Petitioner contends that the denial of parole by the Board of

25   Prison Terms ("BPT") during parole suitability proceedings in 2004 violated his rights to

26   due process and equal protection.  He alleges that he has exhausted state judicial

27   remedies as to all of the claims raised in his federal petition.

28          Petitioner filed his federal habeas petition on March 9, 2005.  On July 21, 2005,

Respondent filed a motion to dismiss the petition on the ground that recent California

Supreme Court authority interpreting California's parole scheme establishes that

**United States District Court**

For the Northern District of California

1    Petitioner has no federally protected liberty interest in parole and, therefore, the Court

2    lacks jurisdiction over the matter.  Petitioner has filed an opposition to the motion to

3    dismiss, arguing that Ninth Circuit precedent finding a protected liberty interest in

4    California's parole scheme remains the applicable law.

5                                    **ANALYSIS**

6          In general, "[t]here is no constitutional or inherent right of a convicted person to

7    be conditionally released before the expiration of a valid sentence."  *Greenholtz v.*

8    *Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  However, "a

9    state's statutory scheme, if it uses mandatory language, 'creates a presumption that

10   parole release will be granted' when or unless certain designated findings are made, and

11   thereby gives rise to a constitutional liberty interest."  *McQuillion v. Duncan*, 306 F.3d

12   895, 901 (9th Cir. 2002) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987)*;*

13   *Greenholtz*, 442 U.S. at 12).

14         The California statutory provision at issue provides, in pertinent part, that "[t]he

15   panel or the board, sitting en banc, *shall* set a release date *unless* it determines that the

16   gravity of the current convicted offense or offenses ... is such that consideration of the

17   public safety requires a more lengthy period of incarceration for this individual and that a

18   parole date, therefore, cannot be fixed ... ."  Cal. Penal Code § 3041(b) (emphasis

19   added).  This "shall-unless" language is similar to the statutes that were at issue in *Allen*

20   and *Greenholtz*.  *See Allen*, 482 U.S. at 376 ("*Subject to the following restrictions*, the

21   board *shall* release on parole ... any person confined in the Montana state prison or the

22   women's correction center ... when in its opinion there is reasonable probability that the

23   prisoner can be released without detriment to the prisoner or the community.") (quoting

24   Mont. Code Ann. § 46-230201 (1985) (emphasis added and in original); *Greenholtz*, 442

25   U.S. at 11 ("[w]henever the Board of Parole considers the release of a committed

26   offender who is eligible for release on parole*,* it *shall* order his release *unless* it is of the

27   opinion that his release should be deferred because ... ") (quoting Neb. Rev. Stats. § 83-

28   1,114(1) (1976)) (emphasis added).

**United States District Court**

For the Northern District of California

1    Recognizing the similarity between California's statutory scheme and the

2    statutory scheme at issue in *Allen* and *Greenholtz*, the Ninth Circuit has held that

3    "California's parole scheme gives rise to a cognizable liberty interest in release on

4    parole. The scheme creates a presumption that parole release will be granted unless the

5    statutorily defined determinations are made." *McQuillion*, 306 F.3d at 902 (internal

6    quotations and citations omitted). That court reiterated this holding in *Biggs v. Terhune*,

7    334 F.3d 910, 914 (9th Cir. 2003) ("[I]t is clear that "California's parole scheme gives

8    rise to a cognizable liberty interest in release on parole.") (quoting *McQuillion*, 306 F.3d

9    at 902).

10    Respondent contends that the California Supreme Court's decision in *In re*

11    *Dannenberg*, 34 Cal. 4th 1061 (2005) undermines the Ninth Circuit's holdings in *Biggs*

12    and *McQuillion*, and Respondent relies on *Sass v. California Board of Prison Terms*, 376

13    F. Supp. 2d 975 (E.D. Cal. 2005) in support of this argument. This Court disagrees with

14    the *Sass* court's conclusion that the holding in *Dannenberg* clearly demonstrates

15    California's parole scheme is not mandatory. The issue presented in *Dannenberg* was

16    whether the BPT was required to set uniform parole dates under Section 3041(a) before

17    it determined whether a particular inmate was suitable for parole under 3041(b). *See*

18    *Dannenberg*, 34 Cal. 4th at 1069, 1077. It concluded the answer to that question was no.

19    *Id.* at 1096. However, the *Dannenberg* court used language throughout the opinion

20    which suggests that it presumed an inmate retained a protected liberty interest in the

21    possibility of parole. *See, e.g., id.* at 1094 (noting continued reliance on commitment

22    offense "might thus also contravene the inmate's constitutionally protected expectation

23    of parole"), 1095 n.16 ("well established principles" regarding parole discretion with

24    deferential judicial oversight "define and limit the *expectancy* in parole from a life

25    sentence *to which due process interests attach*"). Furthermore, California courts

26    addressing the issue post *Dannenberg* continue to assume a protected liberty interest

27    exists. *See In re Scott*, 133 Cal. App. 4th 573 (2005); *In re DeLuna*, 126 Cal. App. 4th

28    585 (2005).

**United States District Court**

For the Northern District of California

1    Accordingly, this Court finds itself in agreement with a majority of courts that

2   have considered the impact of *Dannenberg* on the issue presented by Respondent's

3   motion and cannot find that the *Dannenberg* opinion represents a clear holding that

4   California's parole scheme is not mandatory.  *See, e.g., Blankenship v. Kane*, 2006 WL

5   515627 at *3 (N.D. Cal. Feb. 28, 2006) (citing cases).  Accordingly, under the holdings

6   of *McQuillion* and *Biggs*, Petitioner has a federally protected liberty interest in parole,

7   the Court has jurisdiction over this matter, and Respondent's motion is DENIED.

8                                    **CONCLUSION**

9    In light of the Court's denial of Respondent's motion, within ***sixty (60)*** days from

10   the date of this order Respondent must file and serve on Petitioner an answer conforming

11   in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why

12   a writ of habeas corpus should not be issued.  Respondent must file with the answer a

13   copy of all portions of the administrative record that are relevant to a determination of

14   the issues presented by the petition.

15    If Petitioner wishes to respond to the answer, he must do so by filing a traverse

16   with the Court and serving it on Respondent within ***thirty (30)*** days from the date he is

17   served with the answer.

18          **IT IS SO ORDERED.**

19   Dated:  March 29, 2006

20                                                    _____
                                                     JEFFREY S. WHITE
                                                     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

4