IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYLAND TO,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Warden,<br><br>    Respondent. | No. C 05-1001 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("BPT") denial of parole during parole suitability proceedings in 2004. This Court ordered Respondent to show cause why a writ should not issue. After this Court denied Respondent's motion to dismiss the petition, Respondent filed an answer, memorandum and exhibits in support thereof. Petitioner has not filed a traverse. This *pro se* habeas petition is now before the Court for consideration of the merits. For the reasons stated below, the petition is denied on the merits.

## BACKGROUND

Petitioner was convicted of second degree murder in Alameda County Superior Court in 1986 and was sentenced to fifteen years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead alleges that his due process rights were violated by the denial of parole during his subsequent parole

suitability hearing on May 26, 2004. Petitioner received a one year denial of parole at that proceeding. Petitioner's minimum parole eligibility date was March 29, 1995.

At the May 26, 2004 hearing, Petitioner appeared with counsel before a BPT panel for a subsequent parole consideration hearing. At the hearing, the Board relied upon the Statement of Facts in the BPT's July, 2003 report regarding Petitioner's commitment offense. Petitioner testified that the statement was an accurate reflection of what happened, and the Court includes that summary here:

> About two months before the commitment offense, the prisoner met a man named Ming Tran, age 22 [who] had a car and some money. At age 16, I'm sorry, To, age 16, and his co-participant, Henry Ho, age 15, and Chi, age 18, had been with Tran continuously for three or four days, driving around and playing video games, cards and ping-pong. On the evening before the commitment offense, on 1/4 of '86, Tran rented a hotel room in Oakland. Tran told the others that he was out of money since he had spent it all on them. He told the others that they now had to help him out by doing [a] robbery. They drove around and spotted Feng Yen, Restaurant in Albany. Tran went into the restaurant briefly, came out and said that it was quiet, and directed the other three to go in and rob the establishment. The three others entered the restaurant and ordered a meal. When they were nearly through eating, Tran came out, came back in and indicated that he, that they should start the robbery. At that point, the group took various positions in the restaurant. All of the customers and workers were gathered and placed in the back of the restaurant. Ho then shot the victim, a waiter, killing him, apparently without provocation. Chi was armed with a knife and To had a gun. The victim apparently died from the gunshot wound.

(*See* Answer, Ex. 2 at 7:19-8:20).

The BPT found that Petitioner was not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety. The presiding Commissioner explained that, in deciding to deny parole, the panel considered Petitioner's commitment offense, prior criminal and social history, his programming and behavior since commitment, including progress made and a new disciplinary finding since Petitioner's last hearing, and his parole plans.

Petitioner challenged the BPT's May 26, 2004 decision in the state superior, appellate and supreme courts. The Alameda County Superior Court issued the last reasoned opinion denying Petitioner's claims. After the Supreme Court of California

2

summarily denied his final state habeas petition on December 15, 2004, Petitioner filed the instant federal petition for a writ of habeas corpus. The parties do not dispute that state judicial remedies were exhausted for the claims asserted in this petition.

**DISCUSSION**

A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court

3

decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

B. Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPT's May 26 2004 decision finding him not suitable for parole, and denying him a subsequent hearing for one year, on the ground that the decision does not comport with due process. Petitioner claims that the BPT's decision is not supported by some evidence in the record having an "indicia of reliability" that Petitioner is currently a threat or unreasonable risk to society. *See* Petition at 5. Petitioner also claims that the BPT possesses an "Anti-Parole Policy" which is systemically biased, in violation of his constitutional rights. Because Petitioner's petition will not be granted here, Petitioner's argument that the case should not be remanded to the Governor for review, is moot and will not be addressed.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the board considers various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. *See* Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The determination does not depend on whether a parole release date has ever been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." *Biggs v. Terhune*, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole

board's decision finding him unsuitable for parole. *Sass*, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); *Biggs*, 334 F.3d at 915 (same); *McQuillion*, 306 F.2d at 904 (same). The Ninth Circuit has recently clarified that "California courts have made clear that the "findings that are necessary to deem a prisoner unsuitable for parole are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." *Hayward v. Marshall,* No. 06-55392, slip op. at *49 (9th Cir. Jan. 3, 2008) (citations omitted). The relevant criteria under which the BPT ordinarily determines whether a prisoner is too dangerous to be found suitable for parole are set forth in the California Code of Regulations at Cal. Code Regs. tit. 15, § 2402. *Id.* This Court must therefore determine whether the state court decision finding the BPT's decision was supported by "some evidence the parolee's release unreasonably endangers   public safety." *Id.* (citation omitted.)

The "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455-56 (quoted in *Sass*, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. *Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904. Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." *Morales v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995). In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. *Rosas v.*

*Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT panel afforded Petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review Petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole. The panel concluded that Petitioner "is not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." May 26, 2004 Hearing Transcript at 38 (Answer Ex. 2 at 38:10-12). The panel explained that it found that the offense involved "multiple victims" and that the "offense was carried out in a dispassionate and calculated manner." *Id.* at 38:16-20. The panel also found that Petitioner had "an unstable social history and prior criminality." *Id.* at 39:11-12. Petitioner's prior juvenile record included convictions for burglary, assault with a deadly weapon, and trespass. The panel further found that Petitioner had failed to profit from society's previous attempts to correct his criminality, which included juvenile probation. *Id.* at 39:18-20.

The panel found that Petitioner had "failed to demonstrate evidence of positive change. Misconduct while incarcerated includes one 115." *Id.* at 39:20-23. Petitioner's most recent disciplinary finding occurred on October 28, 2003, seven months before the hearing and involved possession of contraband. *Id.* at 39:23-25. Petitioner's Life Prisoner Evaluation Report notes that Petitioner's disciplinary finding involved possession of an electronic circuit board, resulting in a ten day loss of privileges. *See* Exhibit 3 in Support of Answer, Life Prisoner: Postconviction Progress Report Addendum at 3.

The panel further found that Petitioner needed to update his parole plans. *Id.* at 39:25-26, to provide more specific information regarding where he will reside and establishing that a job was available to him upon his release. The panel commended Petitioner for all of the positive things he has done while in prison, including participating in self-help, including a five week introduction to stress and anger management, a six-week course called Amer-I-Can, an eight week time and money management program, an

6

eight week ethics and values class, a 26 week Alcoholics Anonymous 12-Step and 12-Traditions, a 15 week Science of the Mind Foundation class, and a disease prevention course. *Id.* at 40:20-41:10. The panel noted that Petitioner has a vocational certificate for watch repair and has participated in machine shop and silk-screen.

The panel found, however, that "these positive aspects of his behavior, do not outweigh his factors for unsuitability." *Id.* at 41:13-15. The panel recommended that Petitioner "remain disciplinary-free, continue to participate in any self-help, and cooperate with clinicians in the completion of a new clinical evaluation before the next hearing. *Id.* at 4162:15-19.

The state superior court reviewed and considered the decision of the BPT and found that "there was certainly some evidence including, but not limited to, the committing offense and Petitioner's disciplinary record, to support the Board's decision. There is nothing in the record that indicates that . . .Petitioner's equal protection or due process rights were violated." *See* Exhibit 6 in Support of Answer. The California Court of Appeal summarily denied Petitioner's habeas petition and the California Supreme summarily denied his petition for review.

The state court's rejection of Petitioner's due process claim was not contrary to, or an unreasonable application of, the *Hill* standard, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The BPT's May 26, 2004 decision to deny Petitioner parole is supported by some evidence in the record and that evidence bears some indicia of reliability. *See, e.g., Rosas*, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); *Biggs*, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); *Morales*, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment). The inquiry under *Hill* is simply "whether there is *any* evidence in the record that could support the conclusion reached by the [BPT]." *Hill*, 474 U.S. at 455-56 (emphasis added). In this

7

case, there is evidence that the crime involved multiple victims (the decedent, as well as other restaurant staff and patrons), which under California law suffices to show that the crime was conducted in a cruel manner. The panel also found that the crime was committed in a dispassionate and calculated manner. Petitioner was also found to have an unstable social history and prior criminality . *Cf.* Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability). Under California law, these are appropriate factors to consider in determining whether Petitioner poses an unreasonable risk to public safety, and this Court finds that the Alameda Superior Court's determination that there was some evidence to support the BPT's decision is not contrary to established Supreme Court precedent. It is not up to this Court to "reweigh the evidence." *Powell v. Gomez*, 33 F.3d 39, 42 (9th Cir. 1994). However, as the Ninth Circuit has noted, continued reliance on the unchanging factors of Petitioner's commitment offense and prior history will "at some point violate due process" unless the unchanging circumstances reliably establish that Petitioner presents an unreasonably public safety risk. *See, Hayward,* slip op. at *53 (citing *Irons*).

Petitioner further argues that the BPT possesses an "Anti-Parole Policy" that is biased and violates his constitutional rights. None of the state courts to consider Petitioner's claims explicitly ruled on this claim. Therefore, this Court now conducts "an independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law. *Plascencia v. Alameda*, 467 F.3d 1190, 1198 (9th Cir. 2006).

Petitioner has set forth no evidentiary support for his bias claim. But even if he had, there is no evidence in the record indicating that this alleged bias affected the BPT's decision or served as the basis for denying Petitioner parole. To the contrary, the transcript from Petitioner's May 26, 2004 parole hearing demonstrates that he received an individualized assessment of his potential parole suitability. Petitioner's reliance on the high percentage of parole denials for life inmates provides no proof of the BPT's alleged

8

bias against parole.  *Cf. California Dept. of Corrections v. Morales*, 514 U.S. 499, 510-11 (1995) (citing that 90 percent of all California inmates are found unsuitable for parole as evidence that deferring annual parole suitability hearings was lawful and reasonable) .  The state courts' rejection of Petitioner's claims cannot be said to be objectively unreasonable.  *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 409.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.  The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: January 25, 2008

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TO,<br><br>        Plaintiff,<br><br>v.<br><br>PEREZ et al,<br><br>        Defendant. / | Case Number: CV05-01001 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian G. Walsh
Elizabeth S. Kim
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Wayland To
D48864
P.O. 689
Soledad, CA 93960-0689

Dated: January 25, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk